## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **CRIM. NO. ELH-25-0274** |
| **TONY MARCOS FERREIRA-DOS SANTOS,** | |
| **Defendants** | |

### MOTION FOR EXCLUSION OF TIME
### FROM SPEEDY TRIAL ACT COMPUTATIONS

The United States of America, by counsel, by counsel, hereby respectfully submits the Government's Motion for Exclusion of Time from Speedy Trial Act Computations. In support thereof, the Government submits the following:

1.      The Defendant was initially charged by criminal complaint and later by criminal information with assaulting, resisting, opposing, impeding, interfering with federal officers in violation of 18 U.S.C. § 111. Following detention proceedings, on or about September 30, 2025, the Defendant was released to Immigration and Customers Enforcement (ICE) custody on a detainer. The Defendant is currently in ICE custody in removal proceedings. The Defendant is in custody outside the District of Maryland. On December 8, 2025, the government last checked on the Defendant's status through the Immigration and Customs Enforcement online detainee status system, which reflects that the Defendant remains in ICE custody in Louisiana. The government has relayed that status to defense counsel. The Court has previously granted a motion to exclude time under the Speedy Trial Act pending a status report to the Court by December 8, 2025.

2.      The government requests that the Court set a further status report date in approximately 30 days for the parties to report to the Court on whether to schedule a trial. The period of time requested herein will serve several important interests of justice, including: allowing

1

time for the defense to review the case; for defense counsel to make contact with the Defendant, who as stated is currently in custody on other proceedings outside of the District of Maryland; for parties to assess the likely disposition of the Defendant's removal proceedings; for the defense to consider options such as pretrial motions, trial, or other options; and for the parties to prepare for trial. Specifically, the government requests that the parties be allowed to report on the status of this case on or before January 7, 2026 and that the computation of time under the Speedy Trial Act be excluded through that date, January 7, 2026.

3.      In accordance with the Speedy Trial Act, a criminal defendant must be brought to trial within 70 days of the later of either the filing of an indictment or information or the first appearance before a judicial officer of the court in which the charge is pending. 18 U.S.C. § 3161(c)(1).

4.      18 U.S.C. § 3161(h)(7)(A) specifically excludes from the time requirements "any period of delay resulting from a continuance granted . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Among the factors the Court considers in granting such a motion is whether failure to grant a continuance would result in a "miscarriage of justice," and whether "it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" Section 3161. 18 U.S.C. § 3161(h)(7)(B)(i) and (ii). The Court also considers whether failure to grant a continuance would deny counsel for a defendant or the government "reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

5.      In light of the foregoing, the government submits that the ends of justice served by continuing the trial of this matter beyond the otherwise-applicable speedy trial date outweigh the interests of the Defendant and the public in a speedy trial, and, therefore, the resulting delay is permissible pursuant to 18 U.S.C. § 3161(h)(7).  Specifically, as discussed above, the requested time will serve several important interests of justice, including: allowing time for the defense to review the case; for defense counsel to make contact with the Defendant, who as stated is currently in custody on other proceedings outside of the District of Maryland; for parties to assess the likely disposition of the Defendant's removal proceedings; for the defense to consider options such as pretrial motions, trial, or other options; and for the parties to prepare for trial.  Given this, the parties believe that holding a trial within 70 days would deny counsel for Defendants and the attorney for the Government the reasonable time necessary for effective preparation.  For those reasons, the government requests that the parties be allowed to report on the status of this case on or before January 7, 2026 and that the computation of time under the Speedy Trial Act be excluded through that date, January 7, 2026.

6.      The government has inquired with defense counsel on the defense's position on this request.  Defense counsel has advised the government that its position remains the same as previously: that defense counsel takes no position on the Speedy Trial exclusion because she is unable to communicate with the client at this time.  For the reasons discussed above, the government believes that the circumstances of this case do support the requested exclusion of time.

7.      The government submits that the defendants will not be prejudiced by the grant of this motion.  The ends of justice will be served by excluding this time period in computing the time within which trial must commence pursuant to 18 U.S.C. § 3161(h), and those ends outweigh the best interests of the public and Defendant in a speedy trial.

WHEREFORE, the parties respectfully request that the time **from the granting of the requested order to and including January 7, 2026**, be excluded from Speedy Trial Act computations in this case.  A proposed order is submitted herewith.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By:  _____/s/_____
Michael C. Hanlon
Assistant United States Attorney

36 S. Charles Street, Fourth Floor
Baltimore, Maryland 21201
410-209-4895
Michael.hanlon@usdoj.gov

4

5

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court

via the CM/ECF system, and thereby served counsel for the Defendant on the date of filing.


By: _____/s/_____
          Michael C. Hanlon
          Assistant United States Attorney